**UNITED STATES of America,
Plaintiff,**

v.

**1. Joel E. MILLER, a/k/a/ Joel Edward
Miller, Defendant.**

**Criminal Case No. 13–cr–00354–REB**

United States District Court,
D. Colorado.

Signed April 12, 2016

Michelle M. Heldmyer, U.S. Attorney's Office, Grand Junction, CO, for Plaintiff.

## ORDER GRANTING FIRST MOTION FOR JUDGMENT OF ACQUITTAL

Blackburn, United States District Judge.

This matter is before me on the **Defendant's First Post–Trial Motion for Judg-**

ment of Acquittal on Count 24 [# 473][1] filed November 20, 2015. The government filed a response [# 493], and the defendant filed a reply. [# 512]. I grant the motion, vacate the extant verdict of guilty, and enter judgment of acquittal on Count 24 of the Superseding Indictment [# 216].[2]

## I. BACKGROUND

In his motion, the defendant, Dr. Joel Miller, challenges his conviction on Count 24 of the Superseding Indictment [# 216]. At the times relevant to the indictment, Dr. Miller was a licensed physician practicing medicine in Craig, Colorado. The indictment concerns alleged actions and omissions of Dr. Miller as a practicing physician.

Count 24 of the Superseding Indictment charges that Dr. Miller

did knowingly and intentionally dispense and distribute, and cause to be dispensed and distributed, controlled substances to patient S.V., without a legitimate medical purpose and acting outside the usual course of his professional practice, and that this offense involved a quantity of fentanyl, a Schedule II controlled substance, hydrocodone, a Schedule III controlled substance, and alprazolam and clonazepam, Schedule IV controlled substances, and death resulted from the use of hydrocodone, alprazolam and clonazepam, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(E) and 841(b)(2); Title 18 United States Code,

Section 2; and Title 21 C.F.R., Section 1306.04.

*Superseding Indictment* [# 216], pp. 20–21.

The portion of Count 24 which alleges unlawful distribution of controlled substances alleges that Dr. Miller dispensed and distributed fentanyl, hydrocodone, alprazolam, and clonazepam to a pateint, S.V., without a legitimate medical purpose and acting outside the usual course of his professional practice. *Id.* Most important for the present motion, the "death resulted" portion of Count 24 does not allege that the death of S.V. resulted from the use of fentanyl. *Id.* Rather, Count 24 alleges that the death of S.V. resulted from the use of hydrocodone, alprazolam, and clonazepam.

The "death resulted" element of Count 24 is not an element of the unlawful distribution of a controlled substance. Rather, the "death resulted" element of Count 24 is a sentence enhancer applicable to the crime of unlawful distribution of a controlled substance. This sentence enhancer increases substantially the statutory minimum and maximum sentence for the crime of unlawful distribution of a schedule II controlled substance. 21 U.S.C. § 41(b)(1)(C). Without the "death resulted" sentence enhancer, the statutory sentence for unlawful distribution of fentanyl, a Schedule II controlled substance, is a term of imprisonment of not more than 20 years. *Id.* With proof beyond a reasonable doubt of the "death resulted" sentence enhancer, the statutory sentence for unlawful distribution of fentanyl is a term of imprisonment of not less than twenty years or more than life. *Id.*[3]

---

1. "[# 473]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2. The operative indictment is the "Superseding Indictment [# 216] filed February 24, 2015. Any reference to "indictment," when

used in the context of Count 24, constitutes a reference to the Superseding Indictment.

3. The statutory penalties for unlawful distribution of hydrocodone, alprazolam, and clonazepam are lower because hydrocodone in a Schedule III controlled substance, and alprazolam and clonazepam are Schedule IV controlled substances. 21 U.S.C § 841(b)(1)(E) & (b)(2).

During mid-trial proceedings, the court found that there was not sufficient evidence to go to the jury concerning the unlawful distribution aspect of Count 24 for any controlled substance other than fentanyl. Similarly, the court found that there was not sufficient evidence to go to the jury concerning the "death resulted" element of Count 24 as to any controlled substance other than fentanyl. Instruction No. 18 of the jury instructions stated the elements of the crime charged in Count 24. *Jury Instructions* [# 466], Instruction No. 18, CM/ECF pp. 25–26. Elements five and six, as stated in Instruction No. 18, define the "death resulted" elements of Count 24. As defined in Instruction No. 18, Count 24 was limited to the unlawful distribution of fentanyl, and the "death resulted" element was limited to fentanyl. Because there was insufficient evidence concerning the other controlled substances specified in Count 24, the jury was not instructed as to those controlled substances in Instruction No. 18.

In his present motion, Dr. Miller complains that fentanyl was never charged in Count 24 as a controlled substance whose use resulted in the death of the alleged victim. He notes that there was no evidence presented at trial to show that the use of any of the three controlled substances specified in the "death resulted" portion of Count 24—hydrocodone, alprazolam, and clonazepam—caused the death of S.V. Dr. Miller contends also that Instruction No. 18 constituted an improper constructive amendment of the indictment. On these bases, he seeks judgment of acquittal on Count 24.

In presenting proposed instructions to the court prior to trial, the government presented proposed instructions concerning Count 24 which addressed separately the elements of unlawful distribution of a controlled substance and the "death resulting" sentence enhancer it sought in Count 24. *Proposed instructions* [# 379–2], Instructions G–36 & G–37. The proposed verdict form of the government did the same. *Proposed verdict form* [# 379–4], Count 24. At trial, however, the government did not object to Instruction No. 18 in the form presented at the charging conference and, ultimately, to the jury. The government also did not object to Verdict Form C, which addressed Count 24 and Count 34, the two counts on which the government sought a "death resulted" sentence enhancer. Like Instruction No. 18, Verdict Form C included the "death resulted" elements as essential elements of Count 24.

At trial, Dr. Miller objected to Instruction No. 18. However, his objections to Instruction No. 18 were not based on his present contentions that the instruction improperly identified fentanyl as the only possible controlled substance whose use resulted in the death of S.V. and that the instruction, which focused only on fentanyl, constituted an improper constructive amendment of the indictment. The jury convicted Dr. Miller on Count 24.

## II. STANDARD OF REVIEW

Under Fed. R. Crim. P. 29(c), a defendant may move for judgment of acquittal after a guilty verdict. Rule 29 does not provide a standard of review, except to say that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A Rule 29 motion filed within 14 days after a guilty verdict is considered timely. Fed. R. Crim. P. 29(c)(1). Further, a "defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge." Fed. R. Crim. P. 29(c)(3).

■ When determining whether to grant a motion for judgment of acquittal, the court asks only whether, taking the evidence in the record in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *U.S. v. McKissick,* 204 F.3d 1282, 1289 (10th Cir.2000); *U.S. v. Isaac–Sigala,* 448 F.3d 1206, 1210 (10th Cir.2006). The court must consider both the direct and circumstantial evidence together with the reasonable inferences which can be drawn from the evidence. *McKissick,* 204 F.3d at 1289; *Isaac–Sigala,* 448 F.3d at 1210. The sole duty of the court is to determine "whether the evidence, if believed, would establish each element of the crime." *United States v. Vallo,* 238 F.3d 1242, 1247 (10th Cir.2001).

In its response [# 493], the government contends Dr. Miller forfeited at trial the claims he now asserts in his Rule 29 motion—insufficiency of the evidence and improper constructive amendment of the indictment. The forfeiture argument of the government is based on the fact that at trial Dr. Miller did not object to Instruction No. 18 on the bases he now asserts. Because Dr. Miller forfeited at trial the issues he now raises, the government contends, a plain error standard of review applies to the present motion.

As to the claim of the government that Dr. Miller has forfeited his argument for failing to object at trial, I disagree. Rule 29(c)(3) explicitly permits a defendant to file a motion for judgment of acquittal within 14 days of conviction even when the defendant did not raise the issue of insufficient evidence at trial. On the issue of sufficiency of the evidence, the motion of Dr. Miller is timely and thus insulated from attack based on forfeiture. Thus, I conclude that on the issue of sufficiency of the evidence, the standard of review stated in *McKissick* and *Issac–Sigala* is applicable.

Dr. Miller contends also that Instruction No. 18 constitutes an impermissible constructive amendment of the indictment which added the allegation that use of fentanyl caused the death of S.V. Dr. Miller raises this issue in a timely Rule 29 motion. On the issue of constructive amendment of the indictment, I find and conclude that the motion of Dr. Miller is timely and thus immune from a claim of forfeiture.

The government cites *U.S. v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), a case in which the Supreme Court of the United States reviewed a claim of constructive amendment under the plain error standard of review. *Id.* at 631, 122 S.Ct. 1781. In *Cotton,* the plain error standard was applied because the defendant "failed to raise this argument before the district court...." *Id.* at 629, 122 S.Ct. 1781. However, *Cotton* is distinguishable procedurally because Dr. Miller has raised his claim of improper constructive amendment of the indictment in this trial court in the time and manner required by the apposite rule of criminal procedure.

The government cites also *U.S. v. Wonschik,* a case in which the United States Court of Appeals for the Tenth Circuit reviewed a claim of constructive amendment under the plain error standard of review because "trial counsel did not object to Instruction 12." 353 F.3d 1192, 1197 (10th Cir.2004). The *Wonschik* court noted that there is

some uncertainty in our precedents as to whether a constructive amendment of an indictment by jury instructions to which the defendant did not object is reversible per se or reversible only where the amendment "affects substantial rights" and "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Compare United States v.*

*Levine*, 41 F.3d 607, 617 n. 13 (10th Cir.1994) with [*U.S. v.*] *Cavely*, 318 F.3d [987] at 999 [ (10th Cir.2003) ] [ (10th Cir.2003) ]. Because we conclude that no constructive amendment occurred here, we need not resolve this question. *U.S. v. Wonschik*, 353 F.3d 1192, 1197 n. 3 (10th Cir.2004). As discussed below, even when the plain error standard of review is applied to the present motion, Dr. Miller is entitled to the entry of a judgment of acquittal on Count 24.

### III. ANALYSIS

#### A. Constructive Amendment

■ "It is axiomatic in our legal system that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *U.S. v. Farr*, 536 F.3d 1174, 1179 (10th Cir.2008) (internal quotation and citation omitted).[4] After an indictment has been returned by a grand jury, its charges may not be broadened through amendment, except by the grand jury itself. *Id.* An unconstitutional constructive amendment of an indictment occurs when the evidence presented at trial, together with the jury instructions, so alters the indictment as to charge an offense different from the offense charged by the grand jury. *Id.* This prohibition derives from the Fifth Amendment to the Constitution of the United States which guarantees that "[n]o person shall be held to answer for a[n] ... infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. In addition, the prohibition implicates the Sixth Amendment assurance of the right of a defendant "to be informed of the nature and cause of the accusation" against him or her. U.S. Const. Amend. VI; *Farr*, 536 F.3d at 1179.

■ The "death resulted" language of Count 24 is a sentence enhancer applicable to the underlying crime of unlawful distribution of a controlled substance. As applied to fentanyl, the "death resulted" sentence enhancer alters the sentence to imprisonment of up to 20 years to a sentence of not less than 20 years up to life in prison. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Based on *Apprendi* and its progeny, the government was required to allege in the indictment facts supporting the "death resulted" sentence enhancement it sought in Count 24.

■ As presented in Instruction No. 18, the "death resulted" language actually stated in Count 24 was constructively amended to charge an offense different from the precise offense charged by the grand jury in the indictment. Instruction No. 18 focuses on whether the use of the controlled substance fentanyl resulted in the death of S.V. However, Count 24 of the indictment does not charge that fentanyl was one of the controlled substances that resulted in death. Thus, Instruction No. 18 constitutes an impermissible constructive amendment of the indictment.

#### B. Sufficiency of the Evidence

■ As always, the government is the master of its indictment. The operative indictment [# 216] in this case charged the "death resulted" element of Count 24 as part of the essential elements of Count 24. Jury Instruction No. 18 and Verdict Form C followed the same track. At the jury

---

4. This portion of the analysis could very well end right here, because the principle expressed in *Farr* is game, set, and match.

instruction conference, the government did not object to either Jury Instruction No. 18 or Verdict Form C.

Comparing the evidence presented at trial to the allegations in the indictment, and setting aside the improper constructive amendment accomplished in Instruction No. 18, there is no question that the evidence presented at trial was not sufficient to sustain a conviction on Count 24. The "death resulted" language of Count 24 alleges and identifies only hydrocodone, alprazolam, and clonazepam, but not fentanyl, as the substances which resulted in the death of S.V. However, at trial the evidence eliminated hydrocodone, alprazolam, and clonazepam as controlled substances that resulted in death. Without doubt, the evidence presented at trial was not sufficient to prove that one or more of the three—and only three—controlled substances specified in the indictment as resulting in death actually were causally related to the death of the alleged victim. Thus, under Fed. R. Crim. P. 29, the motion of Dr. Miller for entry of a judgment of acquittal must be granted.

### C. Plain Error

Even if Dr. Miller properly is seen as having forfeited his claims of sufficiency of the evidence and constructive amendment of the indictment, he still is entitled to a judgment of acquittal. If a claim of a defendant is forfeited at trial, the plain error standard of review applies. On plain error review, a court may correct an error not raised at trial if the record demonstrates there was (1) error; (2) that is plain; and (3) which affects substantial rights of the accused. *U.S. v. Cotton*, 535 U.S. 625, 631–632, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). If these three conditions are met, then an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Any amendment of an indictment effected via the jury instructions of a court "would constitute plain error and be reversible per se." *United States v. Phillips*, 869 F.2d 1361, 1364 (10th Cir.1988), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2074, 104 L.Ed.2d 638 (1989).

In this case, the government concedes, for purposes of this motion, that there was error which is plain. *Response* [# 493], p. 12. However, the government contends that the third and fourth elements of the plain error standard have not been satisfied. I disagree.

The error in question here implicates an increase in the minimum and maximum prison sentence for Count 24 from a maximum term of 20 years to a minimum of 20 years and a maximum of life. That is a huge difference. More fundamentally, the error in question here affects the fundamental rights of Dr. Miller under the Fifth and Sixth Amendments. It is beyond peradventure that the plain error here affects adversely the substantial, fundamental constitutional rights of Dr. Miller.

Further, the error in question *per force* affects the fairness, integrity, and public reputation of judicial proceedings. Permitting the government to amend essential allegations in an indictment via a jury instruction at the end of the trial is unlawful at a constitutional level. The rule prohibiting constructive amendment of an indictment exists to preserve bedrock requirements of the Constitution of the United States which, in turn, are designed and intended to guarantee the fairness and integrity of the criminal justice system. Additionally, the good reputation of the criminal justice system is founded on maintaining a system that preserves and furthers the rule of law through, *inter alia*, fairness and integrity. Here, permitting an unlawful constructive amendment of the indictment which triggers dramatic

and drastic increases in the minimum and maximum sentences for Count 24 would be both unlawful and unfair. If this court were to permit an improper constructive amendment of the indictment in violation of the Fifth and Sixth Amendments, the fairness and integrity of the criminal justice system would be undermined necessarily, and the public reputation of judicial proceedings would be badly bruised.

Thus, even if the plain error standard of review is applied to the motion for judgment of acquittal on count 24, Dr. Miller is entitled to judgment of acquittal.

### D. Conclusion

Instruction No. 18 worked an impermissible constructive amendment of Count 24 of the indictment. Focusing on the relevant allegations in Count 24 of the indictment, the evidence presented at trial was not sufficient to sustain a finding by proof beyond a reasonable doubt that the controlled substances charged—hydrocodone, alprazolam, and/or clonazepam—resulted in the death of the alleged victim. Thus, Dr. Miller is entitled to entry of judgment of acquittal on Count 24 of the indictment based on the improper constructive amendment of the indictment to identify fentanyl as the controlled substance resulting in death and based on the insufficiency of the evidence to prove beyond a reasonable doubt the allegations in Count 24.

### IV. ORDERS

THEREFORE, IT IS ORDERED as follows:

1. That the **Defendant's First Post-Trial Motion for Judgment of Acquittal on Count 24** [# 473] filed November 20, 2015, is granted;

2. That the extant verdict of guilty on Count 24 of the Superseding Indictment [# 216] is vacated; and

3. That, instead, under Fed. R. Crim. P. 29, judgment of acquittal shall enter on Count 24 of the Superseding Indictment [# 216];

4. That the sentencing hearing set April 14, 2016, is vacated, pending further order of court;

5. That the probation department shall prepare and file by April 22, 2016, an addendum to the presentence report adjusting the application of the advisory sentencing guidelines as may be required by the entry of this order; and

6. That on April 26, 2016, at 10:00 a.m. (MDT), counsel shall contact the chambers of the court at 303-335-2350 to reset this matter for sentencing hearing.